FILED
2019 OCT 30 AM 11: 14
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO SANCHEZ,<br>  aka "Eddie Nash,"<br><br>Defendant. | CR No. 19CR00656-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2251(a), (e): Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5): Stalking; 18 U.S.C. § 2253; 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

On or about January 6, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly employed, used, persuaded, induced, enticed, and coerced VICTIM 10, an individual who had not attained the age of 18 years, to engage in sexually explicit

conduct, as defined in the Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

COUNT TWO

[18 U.S.C. §§ 2251(a), (e)]

On or about December 31, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly employed, used, persuaded, induced, enticed, and coerced VICTIM 3, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in the Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

## COUNT THREE

[18 U.S.C. §§ 2251(a), (e)]

Beginning on or about November 6, 2015, and continuing to on or about November 11, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly employed, used, persuaded, induced, enticed, and coerced VICTIM 9, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in the Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

COUNT FOUR

[18 U.S.C. §§ 2251(a), (e)]

On or about April 29, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly employed, used, persuaded, induced, enticed, and coerced VICTIM 5, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in the Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

COUNT FIVE

[18 U.S.C. §§ 2251(a), (e)]

On or about June 20, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly employed, used, persuaded, induced, enticed, and coerced VICTIM 4, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in the Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

## COUNT SIX

[18 U.S.C. §§ 2251(a), (e)]

On or about September 18, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly employed, used, persuaded, induced, enticed, and coerced VICTIM 1, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in the Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

COUNT SEVEN

[18 U.S.C. §§ 2251(a), (e)]

On or about September 19, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly employed, used, persuaded, induced, enticed, and coerced VICTIM 6, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in the Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

## COUNT EIGHT

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about March 27, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant SANCHEZ distributed included the following files:

- "pthc ultra hard pedo child pom pedofilia (new) 061childfugga darkcollection kidzilla hussyfan lolitaguy childlover(2).zip"; and
- "bestiality dog girl oral pthc webcam.avi."

## COUNT NINE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about September 22, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," knowingly possessed a Gateway Tower desktop computer, Model E4300, bearing serial number 0036037978, that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant SANCHEZ possessed on the Gateway Tower computer included the following files:

- "beauty.279.avi"; and
- "esp437.mp4."

10

COUNT TEN

[18 U.S.C. §§ 2261A(2)(B), 2261(b)(5)]

1. Beginning on or about June 15, 2015, and continuing to on or about July 5, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," with the intent to harass and intimidate VICTIM 3, a then fourteen to fifteen-year-old female student, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely, interstate wires and the Internet, to engage in a course of conduct, described in paragraph 2 below, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to VICTIM 3.

2. Defendant SANCHEZ's course of conduct included, among other things, the following, all conducted in a manner designed to hide defendant SANCHEZ's true identity from VICTIM 3:

   a. On or about September 6, 2015, after VICTIM 3 sent defendant SANCHEZ a text message that said "IM NOT URS," defendant SANCHEZ, while concealing his identity, sent VICTIM 3 a text message that said "dont get me mad or u know what going to happen" and "ur ask for it then."

   b. Beginning on or about September 10, 2015 and continuing to September 16, 2015, defendant SANCHEZ, while concealing his identity, sent VICTIM 3 the following text messages:

   - "hey, talk to me"
   - "how r u"
   - "better respond"

11

- "u starting to get me mad, so talk to me"
- "wyd beautiful"

c. On or about October 31, 2015 and November 1, 2015, defendant SANCHEZ, while concealing his identity, sent VICTIM 3 the following text messages:

- "i get to get what i want for my bday"
- "oh yes i do, so strip for me nice n slow, very sexxxy"
- "still waiting for my gift"
- "baby, dont get me mad"
- "talk before i make u famous"

d. Beginning on or about November 2, 2015, and continuing to on or about June 11, 2016, defendant SANCHEZ, while concealing his identity, sent VICTIM 3 approximately 65 text messages, which included the following:

- "dont ignore me"
- "start talking"
- "baby"
- "put something short n sexxxy"
- "send me a pic of u"
- "remember how i taught u to play with urself"
- "ur mine n u will always be mine"
- "dont ignore me bae, ur going to piss me off"

e. On or about June 12, 2016, defendant SANCHEZ, while concealing his identity, sent VICTIM 3 the following text messages:

- "baby, dont ignore me, it will get me mad"
- "treat me nice or u know what will happen"
- "wyd baby"

- "dont test me, i will do it, make u internet famous"

f.  On or about June 12, 2016, when VICTIM 3 responded to defendant SANCHEZ with a text message that: "If you do that u will get arrested for child pornography," defendant SANCHEZ, while concealing his identity, sent VICTIM 3 text messages saying: "so, but u will be famous" and "so be nice to me, i love u so much, i dont want to hurt u."

## COUNT ELEVEN

[18 U.S.C. §§ 2261A(2)(B), 2261(b)(5)]

1. Beginning on or about June 21, 2016, and continuing to on or about August 4, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FRANCISCO SANCHEZ, also known as "Eddie Nash," with the intent to harass and intimidate VICTIM 2, a then sixteen-year-old female student, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely, interstate wires and the Internet, to engage in a course of conduct, described in paragraph 2 below, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to VICTIM 2.

2. Defendant SANCHEZ's course of conduct included, among other things, the following, all conducted in a manner designed to hide defendant SANCHEZ's true identity from VICTIM 2:

   a. On or about June 25, 2016, when VICTIM 2 sent defendant SANCHEZ a text message referencing her suicide attempt, defendant SANCHEZ, while concealing his identity, sent VICTIM 2, a text message stating "y baby, y would u try to leave without me."

   b. On or about June 28, 2016 and June 29, 2016, defendant SANCHEZ, while concealing his identity, sent VICTIM 2 the following text messages:

   - "baby, can i plz send me a pic n plz dont ignore me"
   - "can u plz send me a pic n plz dont ignore me"
   - "y do u always do this shit, wtf is ur problem, is it a fucking crime for me to ask n for u send me a

14

        fucking pic, u always fucking ignore me when i asking ask u, im tire of this shit, IM JUST TO FUCKING KILL MYSELF, EITHERWAY UR JUST GOING TO IGNORE ME"

    c. On or about June 29, 2016, when VICTIM 2 responded to defendant SANCHEZ's messages with a text message stating "Babe I sent you the picr," defendant SANCHEZ, while concealing his identity, responded by sending VICTIM 2 a text message that: "ur so beautiful love, i just miss u so much."

    d. On or about July 7, 2016, when VICTIM 2 sent defendant SANCHEZ a text message stating "What are you reading?" defendant SANCHEZ, while concealing his identity, responded by sending VICTIM 2 the following text messages:

- "the kamasutra lol"
- "its an indian boom n it teaches n shows u different sexual positions, i want to learn, so we can do them"

    e. On or about August 4, 2016, defendant SANCHEZ, while concealing his identity, sent VICTIM 2 the following text messages:

- "[…] plz talk to me before i kil myseld"
- "i feel like tieing my belt around my neck n hanging myself in the closet, i love u"

FORFEITURE ALLEGATION

[18 U.S.C. § 2253 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Ten of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the following which were seized by law enforcement on September 22, 2016:

    1. One Western Digital Hard Drive;
    2. One Maxtor Hard Drive, 60 GB;
    3. One 2GB PNY Technologies SD card found in Silver Kodak Digital Camera, Model C763;

    4. One Black Dell Tower;

    5. One Black HTC Phone;

    6. One Black Toshiba Laptop w/cord;

    7. One Gateway Tower w/cord, Model E4300; and

  (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

  3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b) and Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has

//

been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JUSTIN R. RHOADES
Assistant United States Attorney
Chief, Violent & Organized Crime Section

DAMARIS DIAZ
Assistant United States Attorney
Violent & Organized Crime Section

JULIA S. CHOE
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section